Chambers of
**George L. Russell, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

December 28, 2017

MEMORANDUM TO PARTIES RE:  Redmond Howard v. Daryl McCready, et al.
Civil Action No. GLR-17-385

Dear Parties:

Pending before the Court are Defendants Daryl McCready, Bryan Matthew Lloyd, and Mark Aaron Thomas' (collectively, the "Sonrise Defendants") and Defendants Michael Duane Rittenhouse and Jared Mylon Rittenhouse's (collectively, the "Rittenhouses") Motions to Dismiss for Failure to State a Claim (ECF Nos. 11, 12).[1] The Motions are ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant the Motions.

On February 10, 2017, Plaintiff Redmond Howard, proceeding pro se, commenced suit against the Sonrise Defendants, alleging violations of his civil rights under 42 U.S.C. § 1983 (2012). (ECF No. 1). Howard filed an Amended Complaint on March 29, 2017. (ECF No. 3). On May 2, 2017, Howard filed a Second Amended Complaint, which added the Rittenhouses as defendants. (ECF No. 5).

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Edwards v. City of Goldsboro, 178 F.3d 231, 243–44 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A complaint fails to state a claim if it does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), or does not "state a claim to

---

[1] Also pending are Howard's three motions: (1) Motion for a More Definite Statement (ECF No. 22); (2) Motion for Failure to Properly Support or Address a Fact (ECF No. 29); and (3) Motion for Partial Summary Judgment (ECF No. 32). Because the Court will grant Defendants' Motions, the Court will deny Howard's Motions as moot.

Additionally, the Sonrise Defendants' move to strike and seal ECF Nos. 1-2, 5-2, and 5-3 because the documents contain the full names of minors and identify individuals who purportedly have disabilities or substance abuse issues. (ECF No. 13). Federal Rule of Civil Procedure 12(f), in relevant part, permits the Court to strike from a pleading any "redundant, immaterial, impertinent, or scandalous matter." Because Rule 5.2(a)(3) requires filings that include the names of minors to only include that minor's initials and because the material contained in ECF Nos. 1-2, 5-2, and 5-3 is immaterial to this case, the Court will grant the Sonrise Defendants' Motion.

relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

Pro se pleadings, however, are liberally construed and held to a less stringent standard than pleadings drafted by lawyers. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). Pro se complaints are entitled to special care to determine whether any possible set of facts would entitle the plaintiff to relief. Hughes v. Rowe, 449 U.S. 5, 9–10 (1980). Nonetheless, "[w]hile pro se complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" Weller v. Dep't of Soc. Servs. for Balt., 901 F.2d 387, 391 (4th Cir. 1990) (quoting Beaudett v. City of Hampton, 775 F.2d 1274, 1277 (4th Cir. 1985)).

Defendants contend that Howard's Second Amended Complaint fails to state a claim for two principal reasons.[2] First, Howard fails to allege that any of the Defendants is a state actor, which is required to bring a civil rights claim under § 1983. Second, assuming Howard intended to bring a claim under Title III of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12181 et seq. (2012), the ADA expressly exempts religious organizations.[3] Howard has not alleged that any of the Defendants are otherwise required to comply with the ADA.

**Section 1983 Claim**

"Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)). To prevail on a § 1983 claim, a plaintiff must demonstrate a violation of constitutional rights or federal law and that the alleged violation was committed by a "person" acting under color of state law. 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988) (citation omitted). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful."[4] Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks omitted) (quoting Blum v. Yaretsky, 457 U.S. 991, 1002 (1982)).

---

[2] The Court notes that although the Sonrise Defendants and the Rittenhouses filed separate motions to dismiss, both groups of Defendants present the same arguments.

[3] In the Civil Cover Sheet to the Second Amended Complaint, Howard indicates that he is bringing suit under § 1983. (ECF No. 5-1).

[4] The United States Court of Appeals for the Fourth Circuit has identified four circumstances when a private actor acts under the color of law for the purposes of a § 1983 claim, none of which apply here. See Goldstein v. Chestnut Ridge Volunteer Fire Co., 218 F.3d 337, 342 (4th Cir. 2000) (identifying the circumstances as when: (1) the private party is an agent or instrumentality of the state; (2) the state "delegates its obligations to a private actor"; (3) a private party performed what is traditionally a state function; and (4) when state officials commit an unconstitutional act when enforcing the rights of a private citizen).

Here, the Second Amended Complaint is devoid of allegations that any of Defendants acted under the color of state law. Construing Howard's pleading liberally, sometime in 2016 he apparently attended church services at Sonrise Church, at which the Sonrise Defendants are "lead pastors." (Second Am. Compl. at 1, ECF No. 5).[5] Howard's Second Amended Complaint implies, but does not expressly state, that the Rittenhouses are affiliated with a different church, 3CUSA. (See id. at 1). Howard claims that the Sonrise Defendants have "not accommodated nor treated properly" persons with disabilities. (Id. at 3). Howard alleges that Jared Rittenhouse told Howard, "I treat those with disabilities as if they don't," and that Michael Rittenhouse "threatened" Howard. (Id.). Further, Howard states that Defendants engaged in "[d]isability, harassment, and retaliation" forms of discrimination. (Id. at 1). Howard fails to allege, however, that any of Defendants' conduct implicated the state. Thus, the Court concludes that Howard has failed to state a § 1983 claim.

**ADA Claim**

Title III of the ADA applies to public accommodations and services that private entities operate. See 42 U.S.C. § 12181 et seq. Title III prohibits disability-based discrimination by "any person who owns, leases (or leases to), or operates a place of public accommodation. 42 U.S.C. § 12182(a). But the ADA expressly exempts from its requirements "religious organizations or entities controlled by religious organizations, including places of worship." 42 U.S.C. § 12187. Here, Howard alleges that the Sonrise Defendants are pastors at Sonrise Church—a place of worship and religious organization. Similarly, Howard implies that the Rittenhouses are affiliated with 3CUSA—another place of worship and religious organization. Finally, Howard does not allege that either the Sonrise Defendants or the Rittenhouses own, lease, or operate a place of public accommodation. See 42 U.S.C. § 12181(7) (defining "public accommodation"). Thus, the Court concludes that Howard fails to state an ADA claim. Accordingly, the Court will grant Defendants' Motions to Dismiss.

Based on the foregoing reasons, the Sonrise Defendants' Motion to Strike and Seal ECF Nos. 1-2, 5-2, and 5-3 (ECF No. 13) is GRANTED. The Court directs the Clerk to STRIKE and SEAL ECF Nos. 1-2, 5-2, and 5-3. The Sonrise Defendants' and the Rittenhouses' Motions to Dismiss for Failure to State a Claim (ECF Nos. 11, 12) are GRANTED. The Complaint is DISMISSED. Howard's Motion for a More Definite Statement (ECF No. 22), Motion for Failure to Properly Support or Address a Fact (ECF No. 29), and Motion for Partial Summary Judgment (ECF No. 32) are DENIED AS MOOT.

---

[5] Unless otherwise noted, the Court describes facts taken from the Second Amended Complaint and accepts them as true. See Pardus, 551 U.S. at 94 (citations omitted). Citations to the Second Amended Complaint refer to the CM/ECF pagination.

Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly, CLOSE this case, and mail a copy to Howard at his address of record.

Very truly yours,

/s/
George L. Russell, III
United States District Judge